UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES HARRIS,<br><br>  Plaintiff,<br><br>v.<br><br>CALIFORNIA CORRECTIONAL CENTER, et al.,<br><br>  Defendants. | No. 2:17-cv-2621 KJM AC P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

I.     <u>Application to Proceed In Forma Pauperis</u>

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). ECF Nos. 2, 5. Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

1  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time
2  the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C.
3  § 1915(b)(2).

4      II.       Statutory Screening of Prisoner Complaints

5         The court is required to screen complaints brought by prisoners seeking relief against a
6  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The
7  court must dismiss a complaint or portion thereof if the prisoner has raised claims that are
8  "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[]
9  monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).

10         A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact."
11  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th
12  Cir. 1984).  "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal
13  theories' or whose 'factual contentions are clearly baseless.'"  Jackson v. Arizona, 885 F.2d 639,
14  640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as
15  stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).  The critical inquiry is whether a
16  constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.
17  Franklin, 745 F.2d at 1227-28 (citations omitted).

18         "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the
19  claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of
20  what the . . . claim is and the grounds upon which it rests.'"  Bell Atl. Corp. v. Twombly, 550
21  U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).
22  "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context
23  of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)."  Wilhelm v. Rotman,
24  680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  In order to survive dismissal for failure
25  to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a
26  cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the
27  speculative level."  Twombly, 550 U.S. at 555 (citations omitted).  "'[T]he pleading must contain
28  something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally

cognizable right of action.'" Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

### III. Complaint

The first amended complaint alleges that defendants California Correctional Center, Hainline, Knight, and Voong violated plaintiff's due process rights in relation to a disciplinary proceeding when they failed to consider plaintiff's witness statement, which he claims proved his innocence. ECF No. 4 at 3. Review of the attachments to the complaint show that plaintiff was charged with distribution of a controlled substance and found guilty of the lesser included charge of possession of a controlled substance in an institution. Id. at 24, 28. In his defense, he submitted statements from his cellmate who claimed that the substance was his and that plaintiff had no knowledge of the substance. Id. at 7-8, 13-17, 22, 28, 41.

### IV. Failure to State a Claim

#### A. California Correctional Center

Plaintiff has identified California Correctional Center as a defendant, though he makes no claims against the prison. ECF No. 4 at 1. Regardless, any claims against the prison itself are barred by sovereign immunity. "[A]n unconsenting State is immune from suits brought in federal courts by her own citizens." Edelman v. Jordan, 415 U.S. 651, 662-63 (1974) (citations omitted). "Will[v. Mich. Dept. of State Police, 491 U.S. 58 (1989)] establishes that the State and arms of the State, which have traditionally enjoyed Eleventh Amendment immunity, are not subject to suit

3

1  under § 1983 in either federal court or state court." Howlett v. Rose, 496 U.S. 356, 365 (1990).

2  Because California Correctional Center is an arm of the state, any claims against the prison

3  accordingly are barred and fail to state a claim.

4        B.  Disciplinary Proceedings

5      "Prison disciplinary proceedings are not part of a criminal prosecution, and the full

6  panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418

7  U.S. 539, 556 (1974) (citation omitted).  Rather, with respect to prison disciplinary proceedings

8  that include the loss of good-time credits, an inmate must receive (1) twenty-four-hour advanced

9  written notice of the charges against him, id. at 563-64; (2) "a written statement by the factfinders

10 as to the evidence relied on and reasons for the disciplinary action," id. at 564 (internal quotation

11 marks and citation omitted); (3) an opportunity to call witnesses and present documentary

12 evidence where doing so "will not be unduly hazardous to institutional safety or correctional

13 goals," id. at 566; (4) assistance at the hearing if he is illiterate or if the matter is complex, id. at

14 570; and (5) a sufficiently impartial fact finder, id. at 570-71.  A finding of guilt must also be

15 "supported by some evidence in the record." Superintendent v. Hill, 472 U.S. 445, 454 (1985).

16     The attachments to the complaint show that plaintiff lost good-time credits and was

17 therefore entitled to the due process protections outlined in Wolff.  ECF No. 4 at 29.  However,

18 plaintiff's claim that his witness statement was not considered fails to state a claim for relief.  The

19 report from the hearing shows that the non-defendant hearing officer explicitly considered

20 plaintiff's witness statement and found plaintiff guilty of a lesser offense as a result.  Id. at 28.

21 The appeals decisions issued by defendants similarly show that defendants considered the witness

22 statement provided by plaintiff.  Id. at 7-8, 13-17.  Plaintiff was indisputably permitted to submit

23 his evidence, and due process was thus satisfied.  The Constitution does not require that the

24 hearing officer and other defendants afford the same weight to plaintiff's witness statement as

25 plaintiff does.

26       C.  Administrative Appeals

27     Plaintiff names deputy warden Hainline and appeals officers Knight and Voong as

28 defendants based on their involvement denying his administrative appeals.  However, plaintiff has

1 no claim for the "loss of a liberty interest in the processing of his appeals . . . because inmates
2 lack a separate constitutional entitlement to a specific prison grievance procedure." Ramirez v.
3 Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir.
4 1988)). Furthermore, an individual defendant is not liable under § 1983 unless the facts establish
5 the defendant's personal involvement in the constitutional deprivation or a causal connection
6 between the defendant's acts and the constitutional deprivation. Hansen v. Black, 885 F.2d 642,
7 646 (9th Cir. 1989); Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978). As the Seventh
8 Circuit has observed, "[r]uling against a prisoner on an administrative complaint does not cause
9 or contribute to the [constitutional] violation. A guard who stands and watches while another
10 guard beats a prisoner violates the Constitution; a guard who rejects an administrative complaint
11 about a completed act of misconduct does not." George v. Smith, 507 F.3d 605, 609-10 (7th Cir.
12 2007) (finding that only people who cause or participate in constitutional violations are
13 responsible).

14 In Ramirez, the Ninth Circuit affirmed the district court's dismissal for failure to state a
15 claim where the plaintiff alleged that the disciplinary and appeals boards violated his due process
16 rights when they denied his request to examine adverse witnesses and allegedly "'added things' to
17 his appeal to mask the procedural errors committed at the disciplinary hearing." 334 F.3d at 860.
18 In this case, even if plaintiff's due process rights had been violated during the hearing, plaintiff
19 claims only that defendants upheld his disciplinary conviction despite being aware of the witness
20 statement that plaintiff claims cleared him of guilt. ECF No. 4 at 3. As in Ramirez, plaintiff has
21 alleged at most that he notified defendants that his due process rights had been violated; the
22 denial of his administrative complaint did not violate his rights or contribute to the violation.

23     V.    No Leave to Amend

24 Leave to amend should be granted if it appears possible that the defects in the complaint
25 could be corrected, especially if a plaintiff is pro se. Lopez v. Smith, 203 F.3d 1122, 1130-31
26 (9th Cir. 2000) (en banc); Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se
27 litigant must be given leave to amend his or her complaint, and some notice of its deficiencies,
28 unless it is absolutely clear that the deficiencies of the complaint could not be cured by

5

amendment." (citing <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448 (9th Cir. 1987))).  However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend.  <u>Cato</u>, 70 F.3d at 1005-06.

The undersigned has found that the complaint fails to state a claim upon which relief may be granted.  Amendment would be futile because the events of which plaintiff complains did not violate his constitutional rights as a matter of law.  The complaint should therefore be dismissed without leave to amend.

VI.     <u>Plain Language Summary of this Order for a Pro Se Litigant</u>

Your request to proceed in forma pauperis is granted and you are not required to pay the entire filing fee immediately.

It is being recommended that your complaint be dismissed because it is clear that your disciplinary hearing did not violate your due process rights.  You had a right to tell your side of the story, not to have prison officials agree with your version of events.  Also, you cannot sue the prison itself or the officials who denied your appeals.  Because adding more facts wouldn't change these problems with your complaint, it is recommended that dismissal be without leave to amend.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF Nos. 2, 5) is GRANTED.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

IT IS FURTHER RECOMMENDED that the complaint be dismissed without leave to amend for failure to state a claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days

after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judges Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 12, 2021

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE